Albert E. REESE, Petitioner-Appellant,

v.

H. J. CARDWELL, Warden, Ohio Penitentiary, Respondent-Appellee.

No. 19084.

United States Court of Appeals
Sixth Circuit.

May 27, 1969.

Albert E. Reese, in pro. per.

William B. Saxbe, Atty. Gen., of Ohio, Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, on brief, for appellee.

Before PECK and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Albert E. Reese, petitioner-appellant, appeals from an order of the United States District Court for the Southern District of Ohio, Eastern Division, dismissing his petition for a writ of habeas corpus. Reese is confined in the Ohio State Penitentiary where he is serving two sentences—one, to five years for assault with a dangerous weapon, and the other, ten to twenty years for conspiracy to possess narcotics.

The appellant contests only the ten to twenty year sentence. The parties disagree as to whether these sentences were to be served concurrently or consecutively, and there is nothing in the record to show which claim is correct. However, we make no point of this. In Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L. Ed.2d 426, the court held that one of two consecutive sentences may be attacked by habeas corpus.

■■ Apparently, the appellant has the mistaken conception that his proceeding in the District Court is an appeal from the State Court. Section 2241(c) (3), Title 28, U.S.C. provides that the District Court may grant a writ of habeas corpus upon petition of anyone who is in custody in violation of the constitution or laws of the United States. The only relation between the state courts and the District Court is

that a petitioner must exhaust his state remedies before he can petition the District Court for a writ of habeas corpus on Federal Constitutional grounds. (Section 2254, Title 28, U.S.C.). The action in the District Court is a separate action and in no sense an appeal. Wooten v. Bomar, 267 F.2d 900, 901 (C.A. 6) cert. den. 361 U.S. 888, 80 S.Ct. 161, 4 L. Ed.2d 122; Allen v. Bannan, 332 F.2d 399, 402, (C.A. 6) cert. den., 379 U.S. 905, 85 S.Ct. 196, 13 L.Ed.2d 178, rehear. den., 379 U.S. 940, 85 S.Ct. 335, 13 L.Ed.2d 351.

■ The appellant was tried and convicted in the Common Pleas Court of Franklin County, Ohio. He claims that he was denied a fair trial because the trial court admitted into evidence at the trial acts and declarations of his alleged co-conspirators before a conspiracy was prima facie established and admitted into evidence testimony of other offenses alleged to have been committed by the appellant subsequent to the crime charged in the indictment. He also claims that a verdict should have been directed in his favor at the close of the state's case.

The conviction was affirmed on appeal to the state Court of Appeals for the Tenth Circuit. Appellant's motion for leave to appeal to the Supreme Court of Ohio was denied. The appellant raised the same questions on appeal in the state courts as are in issue in the District Court. Section 2953.08 Revised Code of Ohio provides that appeals presenting constitutional questions, either state or federal, may be appealed as a matter of right. It is apparent that appellant's counsel did not consider the questions to be constitutionally significant and their constitutionality has not been adjudicated by the Supreme Court of Ohio.

The claims made by the appellant all involve evidentiary questions and we agree with the district judge that they do not rise to a constitutional level.

Bowman v. Alvis, 224 F.2d 275, 276 (C. A. 6) cert. den. 350 U.S. 949, 76 S.Ct. 324, 100 L.Ed. 827; Ellis v. Raines, 294 F.2d 414, 415 (C.A. 10) cert. den. 368 U.S. 1000, 82 S.Ct. 628, 7 L.Ed.2d 538. It was said in Chavez v. Dickson, 280 F. 2d 727, 736 (C.A. 9) cert. den. 364 U.S. 934, 81 S.Ct. 379, 5 L.Ed.2d 366, rehear. den. 366 U.S. 922, 81 S.Ct. 1092, 6 L. Ed.2d 244:

"Where there is no question concerning a federally significant external event such as the voluntariness of a confession or the knowing use of perjured testimony, trial court rulings on the admissibility of evidence may not be questioned in a federal habeas corpus proceeding."

In Trujillo v. Tinsley, 333 F.2d 185, 186 (C.A. 10) the court said:

"Errors of a state court in a case over which it has jurisdiction are not reviewable on federal habeas corpus unless there has been a deprivation of constitutional rights such as to render the judgment void, or to amount to a denial of due process."

In United States ex rel. Cannon v. Maroney, 373 F.2d 908, 910 (C.A. 3), the court said,

"It is well settled that errors committed during the trial of a criminal case in a state court are not subject to review in a habeas corpus proceeding in a federal court unless it is shown that the errors were so conspicuously prejudicial as to deprive the defendant of a fair trial."

See also Curran v. Shuttleworth, 180 F.2d 780, 781 (C.A. 6); Gemmel v. Buchkoe, 358 F.2d 338 (C.A. 6) cert. den. 385 U.S. 962, 87 S.Ct. 402, 17 L. Ed.2d 306, rehear. den. 385 U.S. 1021, 87 S.Ct. 723, 17 L.Ed.2d 561, and McCord v. Henderson, 384 F.2d 135 (C.A. 6).

We do not find that the errors of which the appellant complains meet the test of the cases herein cited. The judgment of the District Court is affirmed.