STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. STANLEY PERWIN, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 25, 1974—Decided December 13, 1974.

436

Before Judges LEONARD, SEIDMAN and BISCHOFF.

*Mr. Stanley Perwin,* appellant *pro se.*

*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney for respondent (*Mr. Michael A. Noto,* Assistant Prosecutor, on the brief).

PER CURIAM. Defendant appeals *pro se* from an order denying his motion to compel the prosecutor to return a fine of $4000 imposed following his conviction and $130 appellate costs assessed against him, both of which he paid.

He was convicted in the Superior Court of this State on a charge of conspiracy to obtain money under false pretenses and on three charges of obtaining money under false pretenses. He was sentenced on all counts to serve a two-year prison term and to pay a fine in the amount previously noted. We affirmed, *State v. Perwin,* 117 *N. J. Super.* 315 (App. Div. 1971), and certification was denied, 60 *N. J.* 138 (1972), 64 *N. J.* 156 (1973). The United States Supreme Court denied *certiorari,* 409 *U. S.* 862, 93 S. Ct. 151, 34 L. Ed. 2d 109 (1972).

Thereafter, defendant filed a petition with the United States District Court for a writ of *habeas corpus*. His petition was granted on the grounds that he had been placed in double jeopardy and had been denied his Fifth Amendment rights because the doctrine of collateral estoppel had been violated. However, the court directed that execution of the writ be stayed for 45 days pending a decision by the county prosecutor to either appeal the order or retry defendant or both. The prosecutor did neither. Although the order made no reference to the fine, the opinion of the federal magistrate, upon which the order was based, specifically indicated that relief from the payment of the fine was not available in the *habeas corpus* proceeding.

Defendant moved, in the criminal proceedings, to compel the county prosecutor to return to him the fine and costs. *N. J. S. A.* 2A:166-13, upon which defendant relies, provides that if the circumstances set forth therein occur (discussed *infra*), "the board of chosen freeholders of the county wherein the trial was had shall return * * * the amount of the fine so paid." It is our opinion that the instant proceeding has been instituted in the wrong court and without the joinder of the board of chosen freeholders, a necessary party. However, rather than disposing of this matter by reason of these deficiencies, we shall consider the substantive issues involved.

Defendant contends that the issuance of the writ of *habeas corpus* by the United States District Court (1) is binding on the state courts, (2) voided the judgment of conviction pursuant to which he paid the fine and appellate costs, and (3) mandates that the board of chosen freeholders return to him the fine as provided for by *N. J. S. A.* 2A: 166-13. All of these contentions lack merit.

In *Smith v. Spina*, 477 *F*. 2d 1140 (3 Cir. 1973), the court said:

Although this court has ordered that a writ of habeas corpus issue, such action is not the equivalent of a reversal of a state conviction. Only the Supreme Court has power, on direct appeal, to reverse a

438

state judgment of conviction. * * * The jurisprudential effect of the granting of a federal writ is to release relator from custody. It does not have the force and effect of voiding a conviction. [at 1147]

Likewise, in *Schectman v. Foster*, 172 *F.* 2d 339, 341 (2 Cir. 1949), the court stated, "It must be remembered that upon *habeas corpus* a federal court does not in any sense review the decision in the state courts."

"In passing on federal constitutional questions, the state courts and the lower federal courts have the same responsibility and occupy the same position; there is parallelism but not paramountcy, for both sets of courts are governed by the same reviewing authority of the Supreme Court." *State v. Coleman*, 46 *N. J.* 16, 36 (1965). In such situations the federal courts exercise no appellate jurisdiction over state tribunals and decisions of the former are not conclusive on the latter. *United States ex rel. Lawrence v. Woods*, 432 *F.* 2d 1072 (7 Cir. 1970).

■ Even though the instant federal writ is binding upon the state courts, insofar as it mandates defendant's release from custody, *State v. Coleman, supra* 46 *N. J.* at 36, the writ has no other power and it does not revise the judgment of conviction in the state courts. *Fay v. Noia*, 372 *U. S.* 391, 430–431, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963).

■ Furthermore, *N. J. S. A.* 2A:166–13 does not mandate a return of the fine defendant paid. It applies solely to the situation where a defendant, upon being found guilty, "has taken an appeal and obtained a decision in his favor terminating the case of the state against him." A *habeas corpus* proceeding in the federal courts is not an appeal from a judgment of conviction in a state court within the purview of this statute. *Reese v. Caldwell*, 410 *F.* 2d 1125 (6 Cir. 1969); *United States ex rel. Rush v. Ziegele*, 335 *F. Supp.* 434, 436 (D. N. J. 1971), aff'd 474 *F.* 2d 1356 (3 Cir. 1973).

Affirmed.