Gregory Arnold MURPHY, Petitioner,

v.

Dewey SOWDERS,
Superintendent, Respondent.

Civ. A. No. C 84-0945-L(A).

United States District Court,
W.D. Kentucky,
Louisville Division.

April 3, 1985.

Frank W. Heft, Jr., Daniel T. Goyette, Jefferson Dist. Public Defender, Louisville, Ky., for petitioner.

Joseph R. Johnson, Asst. Atty. Gen., Barbara W. Jones, Linda Cooper, David A. Sexton, Corrections Cabinet, Frankfort, Ky., for respondent.

## MEMORANDUM OPINION

ALLEN, Chief Judge.

On April 2, 1981, petitioner was convicted of murder and sentenced to life by the Jefferson Circuit Court following a jury trial. He appealed the conviction to the Kentucky Supreme Court, which affirmed it on May 11, 1983. *See Murphy v. Commonwealth*, 652 S.W.2d 69 (Ky.1983). He then petitioned the Supreme Court for a writ of certiorari, which petition was denied by a six to three vote, with Mr. Justice White writing a dissenting opinion, no opinion being written by the majority.

Petitioner has raised four grounds in support of his contention that he is entitled to a new trial and the issuance of a writ of habeas corpus. This Court is of the opinion that one of the four grounds raised is meritorious, and that the writ of habeas corpus should issue for the reasons set out below.

The first ground raised by the petitioner is that his conviction was obtained in violation of the Constitution of the United States, which makes unconstitutional the enactment of *ex post facto* laws. Petitioner was tried in Jefferson Circuit Court after the repeal of Kentucky Rule of Criminal Procedure 9.62. That Rule provided, in substance, that conviction could not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense. After the repeal, conviction in Kentucky may be legally based on the uncorroborated testimony of an accomplices.

In the case at bar, the great weight of the testimony against the petitioner came from the mouth of his accomplice and codefendant, Norman Crittenden. A mistrial was declared as to Norman Crittenden's case because of a jury deadlock, the jury apparently being divided eleven for acquittal and one for conviction. At the conclusion of the evidence, the trial court rejected petitioner's request for an instruction to the effect that the jury could not convict on the uncorroborated testimony of an accomplice. The Kentucky Supreme Court affirmed that ruling and held that the application of the new rule did not violate the *ex post facto* provisions of the Constitution. *See* Article I, Section 10. In so doing, the Kentucky Supreme Court overruled its previous decision reached in *Commonwealth v. Brown*, 619 S.W.2d 699 (Ky.1981).

In reaching its decision in the instant case, the Kentucky Court cited *Hopt v. Utah*, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884), which upheld retroactive application of a statute eliminating the ineligibility of convicted felons as witnesses. The court in *Hopt* stated:

> Any statutory alteration of the legal rules of evidence which would authorize conviction upon less proof, in amount or degree, than was required when the offense was committed, might, in respect of that offence, be obnoxious to the constitutional inhibition upon *ex post facto* laws. But alterations which do not increase the punishment, nor change the ingredients of the offence or the ultimate facts necessary to establish guilt, but—leaving untouched the nature of the crime and the amount or degree of proof essential to conviction—only remove existing restrictions upon the competency of certain classes of persons as witnesses, relate to modes of procedure only, in which no one can be said to have a vested right, and which the State, upon grounds of public policy, may regulate at pleasure.

110 U.S. at 590, 4 S.Ct. at 210.

The Kentucky Supreme Court stated that the Rule was simply a procedural change which made a certain class of witnesses competent without corroboration. *See Murphy v. Commonwealth, supra*, at 73.

This Court prefers to follow the reasoning of Mr. Justice Leibson, who filed a dissenting opinion in *Murphy v. Commonwealth, supra*, and the reasoning of the Third Circuit Court of Appeals in *Government of Virgin Islands v. Civil*, 591 F.2d 255 (3rd Cir.1979), as well as a prior decision of the Kentucky Supreme Court in *Commonwealth v. Brown, supra*. In *Civ-*

*il, supra,* a Virgin Island statute, repealed after the trial of the defendant, required that accomplice testimony be corroborated before conviction could be had. Shortly after the trial, the corroboration statute was repealed. At the trial, Civil moved for dismissal on the ground that there was no corroboration of the accomplice's testimony linking him to the crime. The district judge ruled that the corroboration statute did not apply to conspiracy.

In *Civil, supra,* Judge Weis not only discussed *Hopt v. Utah, supra,* but such cases as *Beazell v. Ohio,* 269 U.S. 167, 170, 46 S.Ct. 68, 69, 70 L.Ed. 216 (1925), *Thompson v. Missouri,* 171 U.S. 380, 18 S.Ct. 922, 43 L.Ed. 204 (1898) and *Kring v. Missouri,* 107 U.S. 221, 2 S.Ct. 443, 27 L.Ed. 506 (1883). After this discussion, Judge Weis reached the opinion that the repeal of the corroboration statute reduced the amount of proof necessary for conviction and would deprive the accused of the substantial right that the law gave him at the time of the robbery, citing *Hopt. v. Utah, supra,* and *Kring v. Missouri, supra.*

■ Like Judge Weis and the Third Circuit, we are of the opinion that the repeal of the corroboration rule reduces very substantially the amount of proof necessary for conviction and may not be constitutionally applied to the petitioner.

The second ground asserted by the petitioner relates to testimony which was given by the prosecuting attorney on rebuttal. Petitioner contends that the trial court allowed the prosecuting attorney to testify as to the conversation had between him and petitioner while they were awaiting the arrival of petitioner's attorney. The respondent contends that the trial judge did not allow this testimony to be heard by the jury. The written record reflects that the trial court sustained an objection by petitioner to the testimony of the prosecuting attorney.

Examination of the record makes it clear that the trial judge sustained an objection to the testimony by petitioner which makes much of the fact that the court reporter did not specifically refer to the testimony as

being made on avowal, and found that she ended her page where some of the testimony was entered with a paranthesis. The petitioner contends this is clear evidence, based on her past practice with ending all the avowals with a parenthesis, that the testimony given after the parenthesis appears was actually heard by the jury. While this argument has some merit at first blush, it would seem that the trial judge, having sustained an objection to the testimony, would not have allowed it to reach the ears of the jury.

■ It is beyond doubt, however, that if the trial judge had allowed the testimony to reach the ears of the jury, it would have violated the constitutional rights of the petitioner under the holdings of the Supreme Court in the cases of *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977) and *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). We feel certain that the trial court, at the new trial, would not only sustain an objection to the use of such testimony but make certain that the jury does not hear any part of it.

■ Petitioner also contends that his constitutional rights were violated by the introduction of his codefendant's statement made out-of-court which implicated petitioner in the murder of Kim Keller. Petitioner candidly stated that the codefendant took the stand late, and that petitioner had ample opportunity to cross-examine the codefendant concerning the hearsay statement. However, petitioner contends that his constitutional right to remain silent was violated because he had to make a decision as to whether or not to take the stand prior to his codefendant's taking it, and he, thereupon, took it to repudiate the hearsay statement, not knowing at that time that the codefendant would testify.

Petitioner cites no cases in support of this proposition, and case law is filled with authorities to the effect that even if an error is made in allowing the admission of a statement of a codefendant which implicates the defendant, that error is cured if the codefendant takes the stand and is subject to cross-examination concerning the

statement and all aspects of the case. See *United States v. Ragano*, 476 F.2d 410 (5th Cir.1973); *United States v. DeLaMotte*, 434 F.2d 289 (2nd Cir.1970), *cert. denied*, 401 U.S. 921, 91 S.Ct. 910, 27 L.Ed.2d 825 (1971); *Mendez v. United States*, 429 F.2d 124 (9th Cir.1970).

Finally, the petitioner contends that the trial court allowed evidence of a prior drug conviction which occurred five years before the trial to be introduced into evidence. Again, petitioner cites no habeas corpus case holding that such a ruling, even if erroneous, was a constitutional violation. In the case of *Walker v. Engle*, 703 F.2d 959 (6th Cir.1983), the court noted that "errors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus, [citing] *Bell v. Arn*, 536 F.2d 123 (6th Cir.1976); *Reese v. Cardwell*, 410 F.2d 1125 (6th Cir.1969)." *Id.*, at 962.

The court went on to state that "errors of state law, including evidentiary rulings, which result in a denial of fundamental fairness will support relief in habeas corpus, [citing] *Handley v. Pitts*, 491 F.Supp. 597, 599, (E.D.Tenn.) *aff'd*, 623 F.2d 23 (6th Cir.1980); *Maglaya v. Buckhoe*, 515 F.2d 265 (6th Cir.), *cert. denied*, 423 U.S. 931, 96 S.Ct. 282, 46 L.Ed.2d 260 (1975); *Gemel v. Buchkoe*, 358 F.2d 338 (6th Cir.1966)." *Id.*, at 962.

In *Walker v. Engle, supra*, the court found that there were six errors in the admission of evidence which resulted in the admission of highly irrelevant and prejudicial testimony. The court then found that "errors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair." *Id.*, 703 F.2d at 963.

In the context of the case at bar, counsel for the codefendant asked petitioner whether he had been convicted of a felony, and then receiving an affirmative answer, proceeded to establish that petitioner had been convicted of possession of heroin. Kentucky authorities hold that evidence that other crimes may have been committed by defendant is not admissible to prove the crime charged, unless it is relevant to show motive, intent, guilty knowledge, common scheme, or plan. *See Pankey v. Commonwealth*, 485 S.W.2d 513 (Ky.1972); *Bell v. Commonwealth*, 404 S.W.2d 462 (Ky.1966).

While we are of the belief that error was committed in the admission of this testimony, we are not convinced that the error rises to the dignity of a constitutional violation which fundamentally affected the fairness of the petitioner's trial.

In conclusion, we will enter the writ of habeas corpus in accordance with this opinion.

## JUDGMENT

Petitioner, having moved for a writ of habeas corpus, and the Court, having reviewed the records and papers on file and having filed its memorandum opinion and being fully advised,

IT IS ORDERED AND ADJUDGED that the petition for a writ of habeas corpus shall issue, unless the petitioner be granted the right to a new trial, the assignment of which shall be made within sixty (60) days after entry of this judgment.

This is a final and appealable judgment and there is no just cause for delay.