**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0891n.06
Filed: November 10, 2005

**No. 04-1677**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| TIMOTHY COBBLE, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DAVID SMITH, | ) | EASTERN DISTRICT OF MICHIGAN AT |
| | ) | DETROIT |
| Respondent-Appellee. | ) | |

Before: DAUGHTREY and MOORE, Circuit Judges; ALDRICH,[*] District Judge.

**ANN ALDRICH, District Judge.** Appellant Timothy Cobble ("Cobble") appeals the

district court's denial of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Cobble

raised three claims in support of his petition: (1) ineffective assistance of counsel for failure to

investigate and present alibi witnesses in his defense; (2) ineffective assistance of counsel for failure

to call either the doctor who treated the assault victim, or the investigating officer, as a witness and

for failure to adequately cross-examine the prosecution's witnesses; and (3) violation of due

process for the trial court's violation of Michigan Court Rule 6.431(B) in failing to explain its denial

---

[*]The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio,
sitting by designation.

of Cobble's motion for a new trial after his conviction. For the following reasons, we affirm the district court's denial of Cobble's petition for habeas corpus relief.

**I.**

In August 1997, Cobble was arrested for firing a handgun at D'Mando Denson-El. (App. at 53-54.) Mr. Denson-El is married to Rosemary Denson. (App. at 124-25.) Ms. Denson had dated Cobble previously, and she and Cobble had a daughter. (App. at 200-01.) Cobble had made several death threats against Mr. Denson-El prior to the shooting. (App. at 128-29.) Both Mr. Denson-El and Ms. Denson identified Cobble as the shooter at the scene of the crime. (App. at 140-41, 206.) On the second day of his trial, Cobble's counsel belatedly mentioned the existence of two potential alibi witnesses -- David Moore and Tommie McDuffie. (App. at 87.) However, since Cobble's counsel had not given notice of an alibi defense, the trial judge refused to allow the testimony. (App. at 90.)

In March 1998, Cobble was convicted by a jury of three charges: assault with intent to commit great bodily harm less than murder; discharge of a firearm at a dwelling; and possession of a firearm during the commission of a felony. (App. at 260-61.) In April 1998, Cobble was sentenced as a habitual offender to a term of eight to fifteen years imprisonment for the assault conviction, a concurrent term of five to eight years for the discharge of a firearm conviction, and a two year term to be served consecutively for the possession conviction. (App. at 277-79.) Through new counsel, Cobble then filed a motion for a new trial, arguing that his prior counsel was

ineffective for her failure to present and preserve his alibi defense. (App. at 283-84.) The trial judge refused to hear argument on the motion and orally denied it without making specific findings or filing a written opinion. (App. at 286.)

Cobble appealed his conviction to the Michigan Court of Appeals, claiming three points of error: (1) ineffective assistance of counsel for failure to investigate and present the alibi defense; (2) abuse of discretion for the trial court's summary denial of Cobble's motion for a new trial without hearing argument; and (3) abuse of discretion for denying a new trial based on ineffective assistance of counsel. The Michigan Court of Appeals affirmed Cobble's conviction and sentence in May 2000. (App. at 289-91.) Cobble's application for leave to appeal to the Michigan Supreme Court was denied in March 2001. (App. at 293.)

In March 2002, Cobble filed a *pro se* application for a writ of habeas corpus, arguing that (1) it was error to convict him based on prior counsel's failure to investigate and present his alibi defense, (2) it was error for the trial judge to deny Cobble a new trial based on prior counsel's ineffective representation, (3) it was an abuse of discretion for the trial court to refuse to hear argument on the motion for a new trial and deny an evidentiary hearing on those issues without explaining why, and (4) it was an abuse of discretion to deny Cobble a new trial without an evidentiary hearing where the record was clear that prior counsel had failed to present the alibi defense. (Appellant's Br. at 5.) Avern Cohn, United States District Judge for the Eastern District of Michigan, referred Cobble's ineffective assistance of counsel claims to Magistrate Judge Paul Komives.

04-1677
*Cobble v. Smith*

Magistrate Judge Komives recommended that Judge Cohn hold an evidentiary hearing with respect to Cobble's claim of ineffective assistance of counsel for failure to investigate and present his alibi defense, and that all other claims be denied. (App. at 419.) Judge Cohn adopted Judge Komives' recommendation and report and referred the evidentiary hearing to Judge Komives. (App. at 443.)

At the evidentiary hearing, one of Cobble's two alibi witnesses, David Moore, offered testimony that he was with Cobble during the time the shooting occurred.[1] (App. at 548.) If credited, Mr. Moore's testimony could have established an alibi for Cobble for the time of the shooting which led to Cobble's conviction. Mr. Moore also testified that although he was present at Cobble's trial, Cobble's prior counsel neither contacted him nor called him to testify. (App. at 549.) Cobble himself testified that his prior counsel did not respond to his attempts to contact her, and did not follow up with the alibi witnesses. (App. at 555-56.) In fact, according to Cobble's testimony, his prior counsel did not contact him at all until less than 40 days before trial. (App. at 558.) His prior counsel did not see Cobble in person until after he had filed a grievance against her. (App. at 558-59.) At that time, based on his prior counsel's words, Cobble believed that his alibi witnesses would be called. (App. at 560.) However, Cobble did not see his prior counsel again until

---

[1]The district court found that Cobble's other alibi witness, Tommie McDuffie, provided at best a partial alibi based on the time of the shooting and the time that she was with Cobble. (App. at 57.) The court also found that her hearing testimony conflicted with her affidavit, further negating any exculpatory value her trial testimony might have had. (App. at 57-58.) As these findings are not clearly erroneous, they are entitled to deference on review. *See Souter v. Jones*, 395 F.3d 577, 584 (6th Cir. 2005) (citing *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999)).

a few days before his trial, and there was no discussion of his alibi witnesses until the second day of trial. (App. at 87-89.) At that point, the defense had effectively waived the right to present alibi witnesses. (App. at 89-90.)

After holding the evidentiary hearing, Magistrate Judge Komives recommended that Cobble's claim be denied because he failed to show prejudice from his prior counsel's failure to investigate and present his alibi defense. (App. at 521-22.) Judge Cohn adopted Magistrate Judge Komives' recommendation and dismissed Cobble's habeas petition. (App. at 533.) Judge Cohn did, however, issue a certificate of appealability regarding Cobble's claim of ineffective assistance of counsel for failure to investigate and present his alibi defense. (App. at 534-35.) Cobble then filed a notice of appeal, which this court took as a request for certificate of appealability for those claims not certified by Judge Cohn. We certified two additional issues: (1) whether Cobble was denied effective assistance of counsel because counsel failed to call the treating doctor or the investigating officer, and failed to adequately cross-examine the prosecution's witnesses; and (2) whether the trial court improperly handled Cobble's post-trial motion for a new trial by failing to hold an evidentiary hearing, hear argument, or state the reasons for its decision.

**II.**

In reviewing the denial of habeas relief, the standard of review is *de novo*, but any findings of fact are reviewed for clear error. *Towns v. Smith*, 395 F.3d 251, 257 (6th Cir. 2005); *Combs v. Coyle*, 205 F.3d 269, 277 (6th Cir. 2000). As the Michigan Court of Appeals has already heard

04-1677
*Cobble v. Smith*

Cobble's claim regarding his prior counsel's failure to investigate and present alibi witnesses (App.

at 289-91), the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

28 U.S.C. §2241 *et seq*., govern this case.[2]  AEDPA dictates that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (2004).  In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court[3]

explained the "contrary to" language of section (1) as follows:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id*. at 405-406, and the "unreasonable application" language in this way:

> an unreasonable application of federal law is different from an incorrect application of federal law . . . . In § 2254(d)(1), Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Under § 2254(d)(1)'s

---

[2]As Cobble filed his petition on March 27, 2002, the provisions of AEDPA apply.

[3] In a split decision, Justice O'Connor's opinion represents the plurality for these sections.

- 6 -

> "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id*. at 410-11.  In other words, we would have to find that the Michigan Court of Appeals applied the law in an "objectively unreasonable" manner in order to grant relief.  *Bell v. Cone*, 535 U.S. 685, 699 (2002).

### A.     Cobble's First Claim: Ineffective Assistance of Counsel for Failure to Investigate and Present Alibi Witnesses at Trial

To prevail on his claim of ineffective assistance of counsel, Cobble must demonstrate (1) deficient performance by his prior counsel in failing to investigate and present alibi witnesses and (2) resulting prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In order to demonstrate deficient conduct, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  Cobble also has the burden of demonstrating prejudice.  *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).  That burden is a heavy one.  *Williams*, 529 U.S. at 394.  In order to prevail, Cobble would have to show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  *Strickland*, 466 U.S. at 695.

On the question of whether Cobble's prior counsel was deficient in her failure to investigate and present alibi witnesses at Cobble's trial, the answer on this record is clear.  Given the absence of testimony by trial counsel to the effect, for example, that the existence of the alibi

witnesses was not made known to counsel in a timely fashion, Cobble's counsel was deficient. *Towns*, 395 F.3d at 258-59 ("Courts have not hesitated to find ineffective assistance in violation of the Sixth Amendment when counsel fails to conduct a reasonable investigation into one or more aspects of the case and when that failure prejudices his or her client."); *Clinkscale v. Carter*, 375 F.3d 430, 443 (6th Cir. 2004) ("We note at the outset that a number of courts have found ineffective assistance of counsel in violation of the Sixth Amendment where, as in this case, a defendant's trial counsel fails to file a timely alibi notice and/or fails adequately to investigate potential alibi witnesses.") (citations omitted).

Cobble's unrebutted testimony that his attorney failed even to talk to him about the case and possible alibi witnesses until approximately 40 days prior to trial, to file notice of an alibi defense, to interview those witnesses, or to present them at trial constitutes conduct far below what is objectively reasonable. More importantly, the Michigan Court of Appeals unreasonably applied *Strickland* in holding that Cobble's counsel was not deficient, because it did not take into account the fact that Cobble's testimony that he had informed his counsel of potential alibi witnesses well in advance of trial.

On the question of prejudice, however, Cobble does not appear able to meet both *Strickland*'s heavy burden of establishing prejudice and AEDPA's burden of showing that the Michigan Court of Appeals unreasonably applied *Strickland* in this case. Although the only evidence linking Cobble to the shooting in question is eyewitness testimony, that eyewitness testimony came from two people who knew Cobble well. Mr. Denson-El, husband to the woman

who bore Cobble's child, had received multiple death threats from Cobble before and saw Cobble shoot at him. (App. at 128-29, 140-41.) Ms. Denson-El, who had a child with Cobble, had known him for several years and also identified Cobble at the scene. (App. at 200-01, 206.) While this court has noted "grave reservations concerning the reliability of eyewitness testimony," the eyewitness testimony in this case does not appear to be suspect. *Clinkscale*, 375 F.3d at 445 (finding eyewitness testimony suspect where the victim failed to identify the petitioner as the assailant even though the victim knew the petitioner prior to the attack, and where the victim wrongly identified her assailant's partner in crime). And while previous panels of this court have held that failure to investigate and present alibi witnesses constitutes prejudice under *Strickland*, this case involves both the higher AEDPA standard of review and eyewitness testimony from witnesses who knew the petitioner beforehand and who positively identified the petitioner from the beginning. *See Towns*, 395 F.3d at 260; *Clinkscale*, 375 F.3d at 445; *see also Matthews v. Abramajtys*, 319 F.3d 780, 783-84, 789 (6th Cir. 2003) (finding prejudice from ineffective assistance of counsel in a case where counsel failed to present alibi witnesses and where eyewitness identification was based on height and clothing by individuals who did not know the defendant well, if at all).

Even if Cobble might have an arguable claim for prejudice under *Towns* and *Clinkscale*, the Michigan Court of Appeals did not unreasonably consider the question of prejudice. It held that the failure to allow the alibi witnesses' testimony did not "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The Michigan Court of Appeals considered the same evidence that Magistrate Judge Komives and Judge Cohn did, and arrived at the same conclusion.

As a result, even if the gross misconduct of Cobble's counsel created some prejudice, that prejudice is not enough to "undermine confidence in the outcome" and certainly is not enough to show "objectively unreasonable" application of *Strickland* by the Michigan Court of Appeals. Therefore, the denial of Cobble's petition for habeas relief on this ground is affirmed.

> **B.      Cobble's Second Claim: Ineffective Assistance of Counsel for Failure to Call the Treating Doctor, Investigating Officer, or Adequately Cross-Examine the Prosecution's Witnesses**

Cobble's second claim for habeas relief is that his prior counsel was ineffective because of her failure to call the doctor who treated the victim, or the investigating officer, as witnesses and because of her failure to adequately cross-examine the prosecution's witnesses. While a review of the trial transcript shows prior counsel's borderline incompetence in the conduct of a trial, Cobble does not demonstrate anything resembling prejudice from his counsel's purported failure to call those witnesses. Nor does Cobble explain exactly how his counsel should have cross-examined the prosecution's witnesses. Instead, Cobble's brief focuses on the alibi witness question again (Appellant's Br. at 27-28) and makes the point that the victim may not have been shot (*Id.* at 26-27). However, actual injury is not required for conviction for this offense under Michigan law. *Michigan v. Harrington*, 194 Mich. App. 424, 430, 487 N.W.2d 479, 483 (1992) ("No actual physical injury is required for the elements of the crime [of assault with intent to commit great bodily harm less than murder] to be established.") (citations omitted). Moreover, the record is clear that Mr. Denson-El sought medical attention at a hospital that evening. (App. 143-44.) Although

Mr. Denson-El may have sustained only minor injuries, this does not negate the conclusion that a shooting occurred that night.

Although the Michigan Court of Appeals did not rule on the merits of this claim and the higher standards of AEDPA therefore do not apply, Cobble does not meet *Strickland*'s burden of prejudice on this claim. Therefore, the denial of Cobble's petition for habeas relief on this ground is affirmed.

**C.    Cobble's Third Claim: The Handling of Cobble's Motion for a New Trial**

Cobble's final claim in his petition for habeas relief rests on the trial court's handling of his post-conviction motion for a new trial. The trial court judge summarily denied Cobble's motion without an evidentiary hearing, without hearing argument, and without stating specific reasons for denying Cobble's motion.[4] Michigan Court Rule 6.431(B) requires a statement of the reasons for granting or denying a motion for new trial at the end of a criminal trial, so the trial court judge is in clear violation of that rule.

Generally speaking, "errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983) (citing *Bell v. Arn*, 536 F.2d 123 (6th Cir.1976); *Reese v. Cardwell*, 410 F.2d 1125 (6th Cir.1969)). However, "errors

---

[4]The state trial court judge in this case acted in a profoundly hostile, disrespectful, and unprofessional manner throughout these proceedings in his behavior and statements both to Cobble and to Cobble's various counsel. (App. at 64, 66, 69-70, 74, 92-93, 151-52, 190-91, 195-97, 259, 271-72, 276, 286.)

of state law . . . which result in a denial of fundamental fairness will support relief in habeas corpus." *Id.* (citing *Maglaya v. Buckhoe*, 515 F.2d 265 (6th Cir. 1975); *Gemel v. Buchkoe*, 358 F.2d 338 (6th Cir.1966); *Handley v. Pitts*, 491 F.Supp. 597, 599 (E.D. Tenn. 1978)). In other words, only an error of state law that denies "fundamental fairness" such that due process is violated supports a federal habeas corpus claim.

Presumably, Cobble claims that the trial court's denial of his motion for a new trial without the explanation required by Michigan Court Rule 6.431(B) is an arbitrary denial of a state-created right to an explanation. Assuming that there is some sort of liberty interest in receiving an explanation for the denial of a motion for new trial created by Rule 6.431(B), arbitrary denial of that right would constitute denial of procedural due process cognizable in federal habeas corpus. *See Norris v. Schotten*, 146 F.3d 314, 329 (6th Cir. 1998) (holding that violation of a state statutory right to be brought to trial within ninety days did not support a claim for federal habeas relief). However, just as in *Norris*, "any insufficiency in procedural due process was cured through the appellate review process that was available to [the petitioner] and which [the petitioner] took advantage of." *Id.* The Michigan Court of Appeals' review of the denial of Cobble's motion for a new trial cured any arbitrary act on the part of the trial judge, while also squarely rebutting Cobble's contention that the denial was in fact arbitrary. (App. at 290-91.) Finally, even if there were some arguable due process violation, the evidence against Cobble means that the violation was harmless, caused no prejudice to Cobble, and does not support habeas relief. *See Kirby v. Dutton*, 831 F.2d 1280, 1284 n.7 (6th Cir. 1987).

04-1677
*Cobble v. Smith*

**III.**

For the foregoing reasons, the district court's denial of habeas corpus relief on each of Cobble's claims is affirmed.