PEOPLE *v.* FUNK.

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—RETURN—JURIS-DICTION.

When the return on examination has been filed in the circuit court by the examining magistrate and the latter's juris-diction ends, no hiatus occurs leaving the case suspended with jurisdiction nowhere.

2. COURTS—FILING OF PAPERS WITH JUDGE RATHER THAN CLERK.

Although the law permits the filing of papers in a cause with the clerk of the court, the placing of papers in the hands of the judge of the court for filing and his acceptance thereof for that purpose are effective to confer jurisdiction in the cause upon the court where the papers are so filed.

3. CRIMINAL LAW—JURISDICTION OF CIRCUIT COURT—FILING OF DUP-PLICATE OF LOST INFORMATION.

A circuit court in which the return of examining magistrate has been filed with the judge has jurisdiction, at a later date, to order the filing of a duplicate of the lost original infor-mation which, after having been read to the defendant who pleaded guilty thereto, was handed to the judge (3 Comp. Laws 1929, § 13898 *et seq.*).

REFERENCES FOR POINTS IN HEADNOTES
[3, 4] 34 Am. Jur., Lost Papers and Records, § 12.
[5, 6] 14 Am. Jur., Criminal Law, § 271.
[7–9] 14 Am. Jur., Criminal Law, § 272.
[10] 15 Am. Jur., Criminal Law, § 486.
[11] 3 Am. Jur., Appeal and Error, § 821.

4. LOST INSTRUMENTS—LIMITATION OF ACTIONS—FILING OF DU-
PLICATES.

The statute of limitations has no application to the filing of
duplicate papers or records which have been lost (3 Comp.
Laws 1929, § 13898 *et seq.*).

5. CRIMINAL LAW—PLEA OF GUILTY—INVESTIGATION BY JUDGE.

Upon the making of a plea of guilty to a charge of crime, the
judge is required to be satisfied, after such investigation as
he deems necessary that such a plea was made freely and
with full knowledge of the nature of the accusation (3 Comp.
Laws 1929, § 17328).

6. SAME—PLEA OF GUILTY—INVESTIGATION BY JUDGE—RECORD—
JOURNAL ENTRY.

Record on appeal from denial of motions to set aside defend-
ant's sentence as a fourth offender and for his discharge as
for a third offense *held*, to show that circuit judge, now de-
ceased, had made an investigation as to whether or not de-
fendant had pleaded guilty to charge of carrying concealed
weapons with full knowledge of the nature of the accusation
notwithstanding the absence of a journal entry to that ef-
fect (3 Comp. Laws 1929, § 17328).

7. SAME—HABITUAL CRIMINALS—ENHANCEMENT OF PUNISHMENT.

Enhancement of punishment under the habitual criminal act
is based upon previous convictions of felonies and the act
does not make imposition of a sentence upon the previous
convictions a prerequisite (3 Comp. Laws 1929, § 17340).

8. SAME—CONVICTION.

The conviction in a criminal case is the finding of guilt.

9. SAME—CONVICTION—SENTENCE.

Sentence is not an element of a conviction in a criminal case but
is rather a declaration of its consequences.

10. SAME—SUSPENSION OF SENTENCE—EFFECT.

The suspension of the sentence simply postpones the judgment
of the court temporarily or indefinitely, but the conviction
and liability following it, and all civil disabilities remain.

11. APPEAL AND ERROR—QUESTIONS REVIEWABLE—STATEMENT OF
QUESTIONS INVOLVED.

Points discussed in an appellant's brief, but not set forth in
or necessarily suggested by the statement of questions in-
volved, are not considered by the Supreme Court (Court Rule
No. 67, § 1 [1945]).

Appeal from Cheboygan; Waller (Ward I.), J. Submitted January 23, 1948. (Docket No. 93, Calendar No. 43,896.) Decided June 14, 1948.

Roy Funk was convicted of Larceny from a hotel. He was sentenced as fourth offender. Affirmed.

*Kremlick & Petzer,* for appellant.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Lewis E. Berry,* Assistant Prosecuting Attorney, for the people.

DETHMERS, J. Defendant was convicted in 1921 of burglary, in 1930 of robbery armed, and in 1938, on a plea of guilty, of carrying concealed weapons. His arraignment in 1938 was on an information read to him in open court by the prosecuting attorney and then handed to the circuit judge, but which, as appears from the records, was not filed with the clerk. A copy thereof was found in the office of the said circuit judge after his decease. The court records fail to disclose a determination by the judge that the plea of guilty was freely made with full knowledge of the nature of the accusation, but a contemporary letter from the judge to the department of corrections states that he did make "a thorough investigation of the plea and facts surrounding that charge." Sentence was never imposed upon that conviction but, instead, at the court's request, defendant was returned to prison as a parole violator.

In 1944 defendant was convicted by a jury of larceny from a hotel. Thereafter, on the basis of the above four convictions, he was arraigned upon a supplemental information charging him as a fourth offender under the habitual criminal act, and pleaded guilty.

Defendant contends that his 1938 conviction on the concealed weapons charge should not have been considered valid for the purpose of enhancing punishment under the habitual criminal act and that, therefore, he should have been sentenced only as a third and not as a fourth offender in 1944. Defendant is here on appeal from orders (1) denying his motion to set aside his sentence as a fourth offender, (2) denying his motion for discharge on the 1938 conviction and (3) granting the people's application for duplicating the lost information in the concealed weapons case.

It is defendant's theory that a circuit court has no jurisdiction for any purpose in a criminal case, and that the cause is not pending there, until an information is filed with the clerk. With this we do not agree. When the return on examination has been filed in the circuit court by the examining magistrate and the latter'~ jurisdiction ends, no hiatus occurs leaving the case suspended in mid-air with jurisdiction nowhere. Nor can it be said that, because the law permits the filing of papers in a cause with the clerk of the court, the placing of papers in the hands of the judge of the court for filing and his acceptance thereof for that purpose are ineffective. A cause was pending in the circuit court in 1938 in which it was competent for the court, at a later date, under the provisions of 3 Comp. Laws 1929, § 13898 *et seq.* (Stat. Ann. § 27.476 *et seq.*), to order the filing of a duplicate of the lost original information, which, as appears from the journal entries, was read to defendant in open court upon arraignment and thereupon handed to the judge. The statute of limitations has no application, as urged by defendant, to such filing of duplicate papers or records.

The statute, 3 Comp. Laws 1929, § 17328 (Stat. Ann. § 28.1058), requires the judge to become satisfied, after such investigation as he may deem neces-

sary, that a plea of guilty "was made freely, with full. knowledge of the nature of the accusation." Despite the absence of a journal entry to that effect, the record before us is persuasive that the judge did make such an investigation and satisfy himself on that score. See *People* v. *Vester,* 309 Mich. 409.

Defendant urges that his 1938 conviction is not a conviction within the meaning of the habitual criminal act, to be considered for the enhancement of his punishment as an habitual offender, because sentence was never imposed thereon. 3 Comp. Laws 1929, § 17340 (Stat. Ann. § 28.1084), provides for enhancement of the punishment due a person convicted of a felony when he has been theretofore "three times *convicted* \* \* \* of felonies." The statute does not make imposition of sentence upon the previous convictions a prerequisite to the enhancement of punishment upon the fourth conviction. The conviction is the finding of guilt. Sentence is not an element of the conviction but rather a declaration of its consequences. As authority that this is the meaning of the word "convicted" as used in this statute see *Attorney General, ex rel. O'Hara,* v. *Montgomery,* 275 Mich. 504. In *People* v. *Cordell,* 309 Mich. 585, we quoted with approval the following:

" ' "The suspension of the sentence simply postpones the judgment of the court temporarily or indefinitely, but the conviction and liability following it, and all civil disabilities remain." ' "

In *People* v. *Morlock,* 234 Mich. 683, we held that a violation of the prohibition law might be charged as a second offense, although the first conviction had been removed to the Supreme Court on exceptions, before sentence, and remained there undecided still. In *People* v. *Adams,* 95 Mich. 541, we held that in a prosecution for second offense under the local option law, the record of the first conviction, which remains

unreversed, is admissible, even though a void sentence was imposed. In the case of *In re Southard,* 298 Mich. 75, we said:

"The habitual criminal act was passed to provide a punishment for repeated commissions of felonies. *People* v. *Palm,* 245 Mich. 396. The act is concerned with prior convictions and not the sentences under those convictions."

Other points discussed in defendant's brief, but not set forth in or necessarily suggested by the statement of questions involved, are not considered. Court Rule No. 67, § 1 (1945).

The orders appealed from are affirmed.

Bushnell, C. J., and Sharpe, Boyles, Reid, North, Butzel, and Carr, JJ., concurred.