**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Anthony Patino RIVERA, Defendant-Appellant.**

No. 325, Docket 23482.

United States Court of Appeals Second Circuit.

Argued June 7, 1955.

Decided July 1, 1955.

Thomas M. Debevoise II, Asst. U. S. Atty. for Southern Dist. of N. Y., New York City (J. Edward Lumbard, U. S. Atty., on the brief), for plaintiff-appellee.

William Richter, New York City, for defendant-appellant.

Before CLARK, Chief Judge, CHASE, Circuit Judge, and RYAN, District Judge.

CLARK, Chief Judge.

Defendant's record clearly indicates that he has been three times convicted of violation of the narcotics laws. On April 29, 1947, he pleaded guilty to three counts of indictment C125–219; he was sentenced on the third count to ten months in jail to be served concurrently with a state sentence, and on the first two counts to a one-year probation after the service of the prison term. On March 10, 1949, he pleaded guilty to violation of parole on indictment C125–219 and to a new indictment, C128–379, and received concurrent terms of a year and a

day on each of these. On January 11, 1954, appellant pleaded guilty to two counts of yet another indictment, C142–280, and on February 23, 1954, he was sentenced to the mandatory ten-year term now complained of. See 21 U.S.C. § 174. Each of these indictments charged violation of 21 U.S.C. §§ 173 and 174. Each of the convictions was valid, despite a belated attempt now made to question the adequacy of assigned counsel in the second indictment.

The only substantial issue on this appeal from denial of his several motions to vacate his sentence and withdraw his plea of guilt concerns the effect to be given to an order made by Judge Dimock on February 23, 1954. Believing it to be illegal for a federal sentence to run concurrently with a state sentence, Judge Dimock corrected the sentence on indictment C125–219 to have the federal sentence of ten months run consecutively to the state term. In order to protect the defendant from belatedly having to serve this sentence, Judge Dimock suspended it and ordered ten months of probation to run concurrently with the one-year probation originally imposed under counts one and two of the same indictment.

This adjustment gave rise to the problem now before us. The defendant claims that if the ten months' prison term is erased, he was misinformed in pleading guilty to the violation of probation, since the events with which he was charged would have occurred more than a year after the initiation of the probation. The defendant can complain of this possible error only if it adversely affects his most recent conviction, for the actual sentence imposed for the violation of probation was made to run concurrently with the valid sentence under the second indictment. Even in the event of actual prejudice, Judge Dimock expressed doubts as to the availability of coram nobis, since a two-year probationary sentence could have been validly imposed.

We do not need, however, to reach the question of an available remedy, since we are convinced that the defendant cannot show any harm from any error which may have been committed. Under the wording of 21 U.S.C. § 174 the crucial facts which make this defendant a multiple offender are his three valid convictions. The sentences imposed for these convictions are of no significance, so that even if the defendant's first sentence had been corrected so as to be wholly suspended, the ten-year sentence provided by the statute would still have been mandatory. The language of the statute is too plain to admit of doubt; see, however, generally People v. Funk, 321 Mich. 617, 33 N.W.2d 95, 5 A.L.R. 2d 1077, with annotation 1080, 1086, 1092.

Affirmed.