**John James PEARSON, Appellant,**

v.

**Dan GRAY, Warden, Kentucky State Reformatory, Appellee.**

**No. 12986.**

United States Court of Appeals Sixth Circuit.

April 24, 1957.

Writ of Certiorari Denied June 10, 1957.
See 77 S.Ct. 1303.

---

4. See also California's Probate Code, §§ 201, 201.5, and 202; and California's Revenue and Taxation Code, § 13551.

Earle V. Powell, Asst. Atty. Gen., Jo M. Ferguson, Atty. Gen., on the brief, for appellee.

John James Pearson, pro. per.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

Petitioner was indicted for the offense of obtaining property under false pretenses and was tried and convicted by a jury. The Circuit Court of Jefferson County, Kentucky, sentenced him to five years imprisonment. Petitioner filed a petition for writ of habeas corpus in the District Court of Kentucky. The petition was denied and a motion for leave to proceed in forma pauperis was also denied. To this judgment this appeal is prosecuted.

As found by the District Court in its memorandum opinion filed July 18, 1956, the facts in brief are as follows: Petitioner tried to appeal his conviction by filing certain papers with the Clerk of the Court of Appeals of Kentucky. The Clerk informed petitioner that it was then too late to perfect his appeal because no motion for new trial had been made in the lower court, as required by the Kentucky Criminal Code of Practice, and because he had failed to file with the Clerk of the Court of Appeals a bill of exceptions as required by the same Code. The United States District Court found that at the time the Clerk wrote this letter petitioner still had approximately two weeks in which to appeal, but the court concluded that petitioner's appeal could not have been perfected within that time. In a letter dated June 3, 1954, petitioner requested the clerk of the trial court to furnish him with a certified copy of the indictment, a list of jurors, and a photostatic copy of a contract. The clerk did not acknowledge this letter until June 28, 1954, when the period in which petitioner could have perfected his appeal had expired. The District Court held that the omission was not prejudicial to petitioner because, in order to perfect an appeal, a certified transcript of the record should have been lodged with the Clerk of the Court of Appeals within 60 days after the judgment of the trial court entered April 23, 1954. Thus no appeal to the Court of Appeals of Kentucky was perfected, and no application for certiorari was made to the United States Supreme Court.

Petitioner alleges that three motions for "Certified Copy of Transcript of Record" were denied or ignored by the state courts. The District Court found that this was true.

Petitioner also applied for a writ of habeas corpus in the Jefferson County Circuit Court, which was denied, and no appeal was taken from that judgment. A second petition for a writ of habeas corpus was later filed in the same court before a different judge, who dismissed the petition, and no appeal was taken. An original petition for writ of habeas corpus filed in the Court of Appeals of Kentucky was dismissed upon the ground of lack of jurisdiction. Pearson v. Commonwealth of Kentucky, Ky., 290 S.W.2d 474.

Assuming, but not deciding, that petitioner's efforts to appeal were impeded by the Clerk of the Court of Appeals of Kentucky and by the clerk in the trial court, we think petitioner's application

for writ of habeas corpus has no merit. Petitioner failed to exhaust his state remedies in several instances where the clerk in neither court was a factor in the proceedings. The indictment was valid. It charged an offense cognizable under state law and the court had jurisdiction. Petitioner was represented by counsel, he had his day in court, and a jury found him guilty in accordance with state law. The questions raised could have been decided on appeal. Also the facts alleged here, if proved, would not warrant the granting of the particular relief sought. Within the recent decisions of the Supreme Court of the United States the errors claimed do not constitute circumstances so exceptional as to justify the issuance of the writ. Petitioner has the burden of showing that circumstances of peculiar urgency exist, justifying the intervention of the federal court in a criminal prosecution resulting in conviction by a state court. Where the state remedies, including application for review by the United States Supreme Court, have not been exhausted, in the normal case the writ will be denied. Darr v. Burford, 339 U.S. 200, 218, 219, 70 S.Ct. 587, 94 L.Ed. 761. Cf. concurring opinion by Mr. Justice Jackson in Brown v. Allen, 344 U.S. 443, 546, 547, 73 S.Ct. 397, 97 L.Ed. 469.

The judgment of the District Court is affirmed.