**Bennie DOSTER, Petitioner-Appellant,**

v.

**William H. BANNAN, Warden, et al., State Prison of Southern Michigan, Ingham County Circuit Court, Louis E. Coash, Circuit Judge, Respondents-Appellees.**

**No. 15136.**

United States Court of Appeals
Sixth Circuit.

June 15, 1963.

James N. Perry (Court Appointed), Cincinnati, Ohio, for petitioner-appellant.

James R. Ramsey, Asst. Atty. Gen., Lansing, Mich., Frank J. Kelley, Atty. Gen. of Michigan, Robert A. Derengoski, Sol. Gen., Lansing, Mich., on brief, for respondent-appellee.

Before CECIL, Chief Judge, O'SULLIVAN, Circuit Judge, and PECK, District Judge.

PER CURIAM.

This appeal arises out of a criminal prosecution in the Circuit Court for the County of Ingham, Michigan, wherein the appellant, Bennie Doster, was convicted of the crime of breaking and entering Central Stores in the nighttime. On May 2, 1958, he was sentenced to the State Prison of Southern Michigan for a term of not less than ten nor more than fifteen years.

The appellant being still confined in the State Prison on April 9, 1962, petitioned the United States District Court for the Eastern District of Michigan, Southern Division, for a writ of habeas corpus. The petitioner alleged in his petition that he was promised immunity from prosecution for the offense of which he was convicted. This charge is amplified in the record and briefs. He claims that in consideration of the promise of immunity he confessed to the crime of which he was convicted and that this confession was used against him. The petitioner invoked the jurisdiction of the federal court on the ground that the confession was secured and used in violation of the rights guaranteed to him under the Fourteenth Amendment of the Constitution of the United States. (Section 2241(a), (c) (3), Title 28, U.S.C.)

The District Judge denied the petition without a hearing on June 7, 1962. A petition for rehearing was denied July 17, 1962. The basis of this latter denial was that the petitioner had not exhausted his state remedies. (Section 2254, Title 28, U.S.C.) We are in accord with this ruling as stated by the District Judge in his order denying the petition for rehearing.

The petitioner alleged in his petition that he had made application to the Circuit Court of Ingham County for leave to file a delayed motion for a new trial, that he had applied to the Supreme Court of Michigan for leave to file a delayed

appeal and petition for writ of habeas corpus and that he had petitioned the Supreme Court of the United States for a writ of certiorari. He was denied relief in all of these efforts.

In the order denying the petition for rehearing, the District Judge held that it was doubtful if the constitutional question now relied on by the petitioner was ever presented in proper form in any of the above applications to the Michigan courts. Under Michigan law questions not properly presented will be denied. People v. Funk, 321 Mich. 617, 33 N.W.2d 95. The District Judge found that the question was clearly presented for the first time in the petition for certiorari to the Supreme Court of the United States which was denied March 19, 1962. Doster v. Michigan, 369 U.S. 823, 83 S.Ct. 835, 7 L.Ed.2d 787. The petitioner's application for leave to file a delayed motion for new trial in the Circuit Court for the County of Ingham was denied June 9, 1960, for the reason that the petitioner failed to state any grounds for granting such application.

The constitutional question here involved has never been presented to the state trial court. This is where the question should logically and properly be raised in the first instance. As a matter of law, this remedy is presently open to the petitioner. (M.S.A., Section 28.1099, Compiled Laws 1948, Section 770.2. Michigan Court Rule 47 (1945).) "Under Michigan law there is no final time limitation upon the power of the trial court to grant a motion for new trial. Such motions are heard as a matter of right only when filed within 20 days (see Michigan Court Rule No. 47 [1945]). But the granting of long-delayed motions for new trial is within the inherent power of the court where leave to file such a motion is first obtained. People v. Hurwich, 259 Mich. 361, 243 N.W. 230; People v. Burnstein, 261 Mich. 534, 246 N.W. 217." People v. Barrows, 358 Mich. 267, 273, 99 N.W.2d 347, 350. See also Attorney General v. Recorder's Court Judge, 341 Mich. 461, 472, 67 N.W.2d 708, 713.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." Section 2254, Title 28, U.S.C. Ex Parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Irvin v. Dowd, 359 U.S. 394, 405, 79 S.Ct. 825, 3 L.Ed.2d 900; Pearson v. Gray, 243 F.2d 23, C.A.6. Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 9 L.Ed.2d 837, does not relieve a state prisoner from exhausting the state remedies still open to him before filing a habeas corpus proceeding in a United States District Court.

The judgment of the District Court is affirmed.