Athel Robert GEMMEL, Petitioner-Appellee,

v.

Raymond J. BUCHKOE, Warden, State House of Correction and Branch Prison, Respondent-Appellant.

No. 16284.

United States Court of Appeals Sixth Circuit.

April 7, 1966.

James R. Adams, Cincinnati, Ohio, for appellant.

Luke Quinn, Lansing, Mich. (Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., James R. Ramsey, Asst. Atty. Gen., Lansing, Mich., on the brief), for appellee.

Before WEICK, Chief Judge, CECIL, Senior Circuit Judge, and BROOKS, District Judge *.

CECIL, Senior Circuit Judge.

In 1943, Athel Robert Gemmel, petitioner-appellee herein, was convicted in the Recorder's Court of Detroit, Michigan, of first degree murder. No direct appeal was taken from the judgment of conviction and he was sentenced to life imprisonment. Two delayed motions for new trial were denied by the Recorder's Court in 1959 and 1962, respectively. Relief on appeal was denied by the Supreme Court of Michigan and the Supreme Court of the United States denied certiorari in 1963. Gemmel v. Michigan, 375 U.S. 853, 84 S.Ct. 112, 11 L.Ed.2d 80.

The petitioner, having exhausted his state remedies, filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Michigan. The District Judge, after an extensive plenary evidentiary hearing, granted the writ and ordered the petitioner discharged from custody on October 22, 1964. An appeal was filed on behalf of Raymond J. Buchkoe, Warden, State House of Correction and Branch Prison, Marquette, Michigan, respondent-appellant herein. A stay of execution was allowed by the trial judge pending appeal.

On September 6, 1943 at 1:40 A.M. the petitioner and two companions, Thomas and David Lamb, had parked their automobile, bearing an Illinois license plate, in the city of Detroit on Woodland Avenue, near Woodward Avenue. The petitioner had gone to a hotel on the opposite side of the street to engage accommodations for the night for himself and his two companions. While the petitioner was away, Sergeant McDougald of the Detroit Police Department approached the automobile with the intention of investigating its occupants.

Thomas Lamb, who had been sitting in the driver's seat, met the officer at the rear of the automobile and drew a gun on him. The officer attempted to disarm his assailant and a fight ensued. David Lamb came to the assistance of his brother and the officer was knocked down and became momentarily unconscious. When the petitioner came out of the hotel across the street from the automobile, he saw a fight in progress. The fight was apparently over when he reached the scene. He picked up the officer's gun and the three men got into their automobile and drove away. There was no evidence at the trial that the petitioner participated in the fight.

Sergeant McDougald obtained a partial identification of his assailants' automobile and the Detroit police were notified. In about fifteen or twenty minutes, the automobile of the petitioner and his companions was identified by Officer Matlen. He pursued this automobile in an effort to get it to stop. Shots were fired from both cars. One shot from the car in which the petitioner was riding struck and killed Arthur Currie, a bystander who was waiting for a bus. Other Detroit police cars joined in the chase and the fleeing car came to a stop when it crashed, in attempting to avoid a road-block set up by the police. All three men were arrested and were subsequently charged with murder in the first degree. The petitioner, in a statement taken some hours later, admitted that he picked up Sergeant McDougald's gun and

* Honorable Henry L. Brooks, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation.

that he fired several shots at the pursuing car of Officer Matlen. He testified to the same facts at the trial.

The three men were jointly charged by information [1] with murder in the first degree in the perpetration of a robbery. The subject of the robbery was Sergeant McDougald's gun. The information was subsequently amended by omitting the specific allegation, "that said murder was committed while in the perpetration of the crime of robbery." The case went to trial on two theories of murder: 1. Killing while in the perpetration of robbery and, 2. Common Law Murder. The trial judge instructed the jury on both theories but denominated the first as the primary claim of the People. The jury returned a general verdict and we do not know upon which theory it predicated its verdict.

The District Judge found that the trial judge erred in his instructions to the jury on the robbery theory of murder in the first degree. This error was the failure of the trial judge to instruct the jury that an intent to rob was an essential element of the crime of murder in the perpetration of a robbery. The District Judge also intimated that the fight was not a part of the robbery and that there was in fact no robbery.

He said:

"So, under all the circumstances, this court is satisfied that the charge given to the jury submitted to the jury an invalid basis upon which they could find the defendant, meaning this petitioner, and his co-defendants, guilty of first degree murder, which, so far as this court is concerned, means that the charge was tainted and contaminated from beginning to end, and could not form any foundation for a verdict of guilty of first degree murder."

■■ The District Judge found no error in the instructions to the jury in connection with the common law charge

of murder. Neither did he find that there was no evidence to support that charge. In fact, he said, "The second theory would be a valid basis for a conviction of first degree murder if it could be established, without any side comments which might contaminate the charge to the jury." It is the general rule that errors in instructions to the jury and questions as to the sufficiency of evidence do not involve the deprivation of federal constitutional [2] rights.

"The points made in the present proceeding all pertain to state law, and in the context of the trial we find no indication of fundamental unfairness. We express no opinion as to the state court's resolution of the issues raised. Even if we were to disagree, we could not intervene by habeas corpus, when the alleged errors are of a character that cannot reasonably be said to involve a deprivation of constitutional rights. Normally, the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues. It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. The role of a federal habeas corpus petition is not to serve as an additional appeal." Grundler v. State of North Carolina, 283 F.2d 798, 802, C.A.4.

See also, Faust v. State of North Carolina, 307 F.2d 869, 871, C.A.4; Woolsey v. Best, Warden, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3; Armstrong v. Bannan, 272 F.2d 577, C.A.6, cert. den. 362 U.S. 925, 80 S.Ct. 679, 4 L.Ed.2d 743; Wooten v. Bomar, 267 F.2d 900, C.A.6, cert. den. 361 U.S. 888, 80 S.Ct. 161, 4 L.Ed.2d 122; Anderson v. Bannan, 250 F.2d 654, C.A. 6; Buder v. Bell, 306 F.2d 71, C.A.6.

Even though there may have been a total failure of evidence to support the theory of murder with intent to rob,

---

1. Section 28.941 M.S.A., Comp.Laws 1948, § 767.1.

2. Section 2241(c) (3), Title 28, U.S.C.

there was sufficient evidence to go to the jury on the common law theory of murder. In the *Grundler* case, supra, the court said:

"There is a difference between a conviction based upon evidence deemed insufficient as a matter of state criminal law, and one so totally devoid of evidentiary support as to raise a due process issue. It is only in the latter situation that there has been a violation of the Fourteenth Amendment, affording the state prisoner a remedy in a federal court on a writ of habeas corpus."

■ It is not the function of a federal habeas corpus proceeding to serve as an additional appeal. While it is true under Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, the District Judge has a right and duty, as he said, to review the entire record of the trial, that right and duty extends only to the consideration of federal constitutional questions. These cases involved alleged violations of constitutional rights through the use of confessions. We conclude that the District Judge was in error in discharging the petitioner because of an alleged error in the instructions on the theory of murder in the first degree while in the perpetration of robbery.

We cannot find from the record before us that the petitioner ever had an appellate review of the trial of his case wherein the alleged error so clearly pointed out by Judge Kent was adjudicated. It is not our function in this proceeding to determine whether the trial judge erroneously instructed the jury on the theory of murder in the perpetration of robbery. That is a duty of the state court. Robbery as an element of the crime of murder in the first degree was characterized by the trial judge as the primary claim of the People. The verdict of the jury may have been predicated upon this theory. If then, the crime of murder in the perpetration of robbery

was improperly defined for the jury, a serious question arises as to the legality of the petitioner's conviction. It is unfortunate if there has been no appellate review where this question was properly and specifically presented. We understand this remedy is still open to the petitioner. See Doster v. Bannan, 318 F.2d 453, 455, C.A.6.

■ Counsel for the petitioner presents questions as to whether the petitioner was denied due process of law because he was not represented by counsel at the preliminary examination and because one attorney was appointed to represent all three of the defendants at the trial. It is claimed that the petitioner's interests conflicted with those of his co-defendants. The District Judge decided these issues adversely to the petitioner. No cross-appeal was taken and we question whether these issues are now before us. However, we agree with the decision of the District Judge.

At the time of the trial no question was raised concerning conflicting interests of the co-defendants. The trial judge was not advised that there were conflicting interests. On these issues the District Judge said:

"I know of no authority in any decision which has yet been rendered which requires that the state must furnish, or must have furnished in 1943, appointed counsel to represent one charged with crime in the course of the charge of the crime in order that he may be represented at the time of the preliminary examination."

and

"An examination of the record, however, satisfies this court that there is not sufficient, standing alone, to justify this court in saying that this petitioner did not have effective counsel in the light of the decisions of the United States Supreme Court."

The judgment of the District Court is reversed and the case is remanded with instructions to enter judgment for the respondent-appellant.