770 F.2d 166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PATRICK MURPHY, PETITIONER-APPELLANT,
v.
T.D. TAYLOR, RESPONDENT-APPELEE.
 NO. 84-3530
 United States Court of Appeals, Sixth Circuit.
 7/16/85
 
 N.D.Ohio
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: LIVELY, Chief Judge; KEITH and MERRITT, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this appeal from denial of habeas corpus relief the petitioner contends he was denied due process in the trial court's giving and refusing instructions which he asserts placed the burden on him to prove an element of the offense of which he was convicted and relieving the state of its obligation to prove every element of the fofense beyond a reasonable doubt. This case concerns petitioner's second trial. The petitioner was convicted of voluntary manslaughter under an indictment for aggravated murder. He argues that voluntary manslaughter as defined by the trial court was not a lesser included offense of aggravated murder and thus his first conviction was a nullity. The first conviction was set aside pursuant to an order of the district court granting habeas corpus relief. However, the habeas relief was granted on grounds other than those now articulated by the petitioner. Petitioner argues that since his first conviction was a nullity, it was a double jeopardy violation for the state to try him a second time. The petitioner also maintains that he was entitled to an instruction on accident and one on self-defense in order to present his theory to the jury.
 
 
 2
 The arguments concerning the elements of the crime for which petitioner was convicted relate to the definition of voluntary manslaughter as set forth by the Ohio Court of Appeals in State v. Muscatello, 57 Ohio App.2d 231, 387 N.E.2d 627 (1977). Our examination of the jury instructions and the Muscatello decision lead us to the conclusion that petitioner was not required by the trial court to prove an essential element of the crime for which he was convicted and that he was not twice placed in jeopardy by the state's putting him on trial a second time after his first conviction had been set aside in federal habeas corpus proceedings. With respect to the other claims of erroneous instructions, we conclude that none of these issues was properly before the district court in this habeas corpus proceeding. Jury instructions relating to state law cannot be contested in habeas corpus proceedings absent a showing of such error as to deny the defendant due process of law. Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Gemmel v. Buckhoe, 358 F.2d 338, 340 (6th Cir.), cert. denied, 385 U.S. 962 (1966).
 
 
 3
 Petitioner also contends that the prosecutor commented on his failure to testify in violation of his Fifth Amendment right to plead not guilty and to decline to testify. The court has examined the transcript and concludes that the single statement by the prosecutor which could be interpreted as an indirect comment on petitioner's failure to testify is not grounds for setting aside the conviction in habeas corpus proceedings. For prosecutorial misconduct to qualify for habeas corpus relief it must be so egregious as to render the entire trial unfair. Donnelly v. DeChristoforo, 416 U.S. 637 (1974); Cook v. Bordenkircher, 602 F.2d 117 (6th Cir.), cert. denied, 444 U.S. 936 (1979).
 
 
 4
 The petitioner also contends that he was entitled to relief because the trial judge exhibited bias and imposed a vindictive sentence following his conviction at the second trial. We have carefully examined the portions of the transcript identified by petitioner as indicating bias and vindictiveness. The district court found that the state trial court had violated the rule of North Carolina v. Pearce, 395 U.S. 711 (1969), but found that since the petitioner had been released and served his parole time the issue of impropriety of the sentence was moot. We do not reach the issue of mootness because our examination of the record convinces us that nothing the state trial judge said or did indicated any bias against the petitioner or resulted in a vindictive sentence.
 
 
 5
 We have considered all of the arguments presented by the petitioner in brief and oral argument and conclude that petitioner received a fair trial and was not entitled to habeas corpus relief.
 
 
 6
 Accordingly, the judgment of the district court is affirmed.