**UNITED STATES of America, Appellee,**

v.

**William Edward ADAMS, Appellant.**

**Nos. 83–1526, 84–1216 and 84–1720.**

United States Court of Appeals,
Third Circuit.

Argued June 10, 1985.

Decided Aug. 30, 1985.

As Amended Sept. 6, 1985.

**784**

Maureen K. Rowley (argued), Defender Ass'n of Philadelphia, Federal Court Division, Philadelphia, Pa., for appellant.

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., James M. Becker, (argued), Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before WEIS, GARTH, and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

The Special Dangerous Offender Act permits the imposition of an enhanced sentence on defendants who have previously been convicted of criminal offenses. The primary issue in this case is whether a verdict of guilty before entry of judgment constitutes a "conviction" within the meaning of the Act. The sentencing judge ruled that it does, and we agree. Accordingly, we will affirm the judgment of the district court.

Defendant was indicted for violating 18 U.S.C. (APP) § 1202(a)(1),—possession of a firearm by a previously convicted felon. The maximum sentence for that offense was two years; however, on March 31, 1983, the government filed a notice alleging that defendant was subject to an increased sentence under the Dangerous Special Offender Act, 18 U.S.C. §§ 3575–78. After defendant pleaded guilty to the firearms charge on May 23, 1983, the district court held a special sentencing hearing and ruled that defendant was a special dangerous offender. The court then imposed a prison term of ten years.

In finding that the special offender statute applied, the district court cited:

1. a federal conviction on charges of distribution of a controlled substance to which defendant pleaded guilty on July 23, 1973 and was sentenced on July 24, 1973;

2. a state court conviction on charges of assault and battery, resisting arrest, and resisting an officer to which defendant pleaded guilty and was sentenced on January 24, 1963;

3. a guilty plea to aggravated robbery entered in the state court on August 11, 1964 after which sentence was imposed;

4. charges in the state court of aggravated assault and possession of an instrument of crime of which defendant was found guilty by a jury on February 11, 1982.

Defendant objected to reliance on the 1982 offenses because the state court had not yet imposed sentence. The district judge stated, "[I]t is clear that there was a verdict of guilty; that is, as far as I am concerned, a conviction within the meaning of the statute of 18 U.S.Code Section 3575.... [T]here is no indication and nothing in the record to indicate in any way that there will be an reasonable likelihood of that conviction being set aside, or a new

trial granted [or] ... to suggest that the verdict was in any way improper." The court did not rely on several other offenses listed in the pretrial report because it was not clear that defendant had been represented by counsel during those proceedings.

Defendant filed an appeal in this court which was docketed at No. 83–1526.

Because of uncertainty about whether defendant had been represented by counsel in the 1963 case, the matter was remanded to the district court for further fact finding. After a hearing on April 9, 1984, the district judge stated that he had not initially considered the 1963 assault case because in the pretrial report defendant said he had not had legal assistance. However, based on evidence produced at the April 1984 hearing, the district court found defendant had been represented by a lawyer during the proceedings leading to the 1963 conviction for assault and resisting arrest. Other evidence established that counsel had also appeared for defendant in connection with other convictions which had not been taken into account in the original sentencing hearing.

The district judge then commented, "[T]he record stands the same as it was at the original sentencing hearing, except for the fact that as to the two offenses which I specifically excluded from consideration, could now be properly considered [referring to two separate 1963 convictions]." The court also noted that the state court had by then imposed sentence on the 1982 guilty verdict. For these reasons the ten year sentence was left undisturbed.

Defendant again appealed (Docket No. 84–1216), and once more the case was remanded. At a hearing in November 1984, the government conceded that the aggravated robbery conviction in 1964 had been erroneously attributed to defendant. The district court accordingly excluded that offense from consideration and reduced the sentence to eight years.

Defendant appealed once more. All three appeals have been consolidated and assigned to this panel for disposition.

On appeal, defendant contends that the evidence is insufficient to support the district court's finding of representation at the 1963 proceedings, that the sentence was disproportionate, and that the district court erred in ruling that a guilty verdict, without more, is sufficient proof of "the last such previous offense" required by the special offender statute.

The government advances three bases for affirmance:

1. the 1982 guilty verdict was a "conviction;"

2. assuming *arguendo* that the 1982 verdict was not a "conviction" at the time the ten year sentence was imposed, the entry of a judgment in the state court cured that deficiency before imposition of the eight year sentence now on appeal;

3. again assuming *arguendo* that the 1982 verdict was not a "conviction" at the time the ten year sentence was ordered, the statutory requirement of "commission of an offense" within five years of the federal felony was established by the unanimous guilty verdict in 1982. The predicate "convictions" were established by the 1963 state court judgments and the 1973 federal narcotics conviction.

I.

In *United States v. Felder*, 706 F.2d 135, 137 (3d Cir.1983), we noted the statute authorizes courts of appeals to conduct a broad review of special dangerous offender sentences. We are to determine whether the procedure was lawful, whether the findings of fact were clearly erroneous, and whether the sentencing judge abused his discretion. After considering the presentence report, the record at the trial or plea hearing, and the sentencing hearing, we may affirm the sentence, impose or direct any sentence which the district court should have imposed originally, or we may remand. In the absence of an appeal by the government, however, we may not di-

rect a sentence more severe than the one appealed. *See* 18 U.S.C. § 3576 (1982).

Enacted as part of the Organized Crime Control Act of 1970, the dangerous special offender provisions, 18 U.S.C. §§ 3575–78, permit enhanced sentences for those who come within the statute's terms. If the government timely files a notice of its intention to seek a greater sentence, a special hearing is required.

A special offender is defined as a defendant charged with a felony

1. who has previously been convicted;
2. for two or more offenses
   (a) committed on occasions different from one another and from the pending charges,
   (b) which are punishable by imprisonment in excess of one year; and
3. for one or more of the earlier convictions he has been imprisoned before commission of the pending criminal acts; and
4. less than five years have elapsed between commission of the pending felony and either
   (a) defendant's release from imprisonment for one of the earlier convictions, or
   (b) commission of an offense punishable by imprisonment for one year or more.

*See* 18 U.S.C. § 3575(e)(1).[1]

In contesting the district court's reliance on the 1982 jury verdicts, defendant focuses on the requirement that no more than five years elapse between the "commission of the [pending] felony" and "his commission of the last such previous offense or another offense punishable ... by imprisonment in excess of one year...." 18 U.S.C. § 3575(e)(1). In his view, "last such previous offense" refers back to the requirement of having "previously been convicted," and therefore the phrases are synonymous. Equating "conviction" with entry of judgment and not merely a jury verdict, defendant argues that the statutory prerequisites have not been met.

The government argues that the district judge properly ruled in the context in which the issue was raised, a guilty verdict is equivalent to a conviction.

In common understanding, "conviction" has two meanings. The first denotes a jury verdict or a plea of guilty or nolo contendere; the second, the final judgment or sentence of the court. At common law, conviction occurs on a jury verdict of guilty, and the term "does not mean the judgment passed upon a verdict." *United States v. Gilbert*, 25 F.Cas. No. 15, p. 1287, 1285 (CC D.Mass.1834) (Story, Circuit Justice), *citing* 4 W. Blackstone, Commentaries *362.

In *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927), the Court said, "A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is in itself a conviction. Like a verdict of a

---

1. The full text of (e)(1) reads:

"(e) A defendant is a special offender for purposes of this section if—

(1) the defendant has previously been convicted in courts of the United States, a State, the District of Columbia, the Commonwealth of Puerto Rico, a territory or possession of the United States, any political subdivision, or any department, agency, or instrumentality thereof for two or more offenses committed on occasions different from one another and from such felony and punishable in such courts by death or imprisonment in excess of one year, for one or more of such convictions the defendant has been imprisoned prior to the commission of such felony, and less than five years have elapsed between the commission of such felony and either the defendant's release, on parole or otherwise, from imprisonment for one such conviction or his commission of the last such previous offense or another offense punishable by death or imprisonment in excess of one year under applicable laws of the United States, a State, the District of Columbia, the Commonwealth of Puerto Rico, a territory or possession of the United States, any political subdivision, or any department, agency or instrumentality thereof."

Subsections (e)(2) and (e)(3) also define special offender but those categories are not at issue here. Dangerousness is described in subsection (f): "A defendant is dangerous for purposes of [§ 3575] if a period of confinement longer than that provided for such felony is required for the protection of the public from further criminal conduct by the defendant."

jury it is conclusive. More is not required; the Court has nothing to do but give judgment and sentence."

■ When previous offenses trigger enhanced sentencing statutes, the state courts are divided on whether a guilty verdict or a judgment is necessary. *See People v. Funk*, 321 Mich. 617, 33 N.W.2d 95 (1948), 5 ALR 2d 1080. The interpretation of "conviction" as it appears in the dangerous offender statute, however, is a matter of federal law, even though the predicate offense and its punishment are defined by state law. *Dickerson v. New Banner Institute*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983).

In *Dickerson*, the Court remarked, "In some circumstances, we have considered a guilty plea alone enough to constitute a 'conviction.'" However, "the meaning of the terms convicted and conviction vary from statute to statute." *Id.* at 112, 103 S.Ct. at 991.

Congress has used the term conviction in varying contexts and applied differing meanings. For example, in the Investment Company Act of 1940, the term "convicted" includes a "verdict, judgment or plea of guilty ... whether or not sentence has been imposed." 15 U.S.C. §§ 80a–2 to a–10. But in the Narcotic Addict Rehabilitation Act of 1966, conviction means "the final judgment on a verdict or finding of guilty, a plea of guilty, or a plea of nolo contendere" and does not include a final judgment which has been revised or expunged by pardon. 18 U.S.C. § 4251(e). In the Youth Correction Act, conviction means "the judgment on a verdict or finding of guilty, a plea of guilty or a plea of nolo contendere." 18 U.S.C. § 5006(g).

In *Singer v. United States*, 278 Fed. 415, 420 (3d Cir.1922), we said, "While in common parlance a verdict of guilty is said to be a conviction, it must be given its strict legal meaning when a second offense is made a distinct crime, carrying with it heavier penalties." Because "a second offense, carrying with it a more severe sentence, cannot be committed in law until there has been a judgment on the first," the court held, in that instance, a conviction required entry of judgment. *See also Commonwealth v. McDermott*, 224 Pa. 363, 73 Atl. 427 (1909). Unlike *Singer v. United States* where the prior conviction forms the predicate for a second distinct offense, the special offender statute enhances punishment—it does not establish a new and separate crime. *See United States v. Davis*, 710 F.2d 104, 106 (3d Cir. 1983); *United States v. Williamson*, 567 F.2d 610, 614 (4th Cir.1977); *United States v. Stewart*, 531 F.2d 326, 332 (6th Cir. 1976).[2]

The text of the Dangerous Special Offender Act does not state which of the two most common definitions of conviction is applicable. Nor does the legislative history provide much guidance. In the legislative reports as well as the statute, Congress used "conviction" in both of its common meanings.

In outlining the Act, the House report states that special offender is defined to include "a three time felony offender." H.Rep. No. 1549, 91st Cong.2d Sess., *reprinted in* 1970 U.S.Code Cong. & Adm. News 4007, 4010. In the section by section analysis, the report discusses the obligation of the prosecutor to file a notice before trial or plea of guilty "specifying that the defendant is a dangerous special offender who upon conviction is subject to the imposition of [an enhanced] sentence." *Id.* at 4037. In this context, the report uses "conviction" to mean a point in the federal proceeding before sentence is imposed. The word is similarly used in paraphrasing the statutory definition of special offender. *Id.* at 4038.

**2.** The legislative history demonstrates that Congress was aware of this distinction and intended the statute to be sentencing guidance, not an independent criminal offense. *See* S.Rep.No. 617, 91st Cong. 1st Sess. 166, *reprinted in*

12834–5 Senate Misc. Reports on Public Bills V (1969). *See also* Department of Justice Comments, H.Rep. No. 1549, 91st Cong. 1st Sess., *reprinted in* 1970 U.S.Code Cong. & Adm.News 4007, 4069–70.

The report also states, "Any proceeding which results in a disposition traditionally considered a 'conviction' including a court martial or a proceeding under Chapter 402 of Title 18 not set aside under 18 U.S.C. Sec. 5021, is considered a 'conviction.' [Youth Offender Act, (now repealed)]. Juvenile proceedings under Chapter 403 of Title 18 are not included." *Id.* The reference to "traditionally considered," is further support for the common law definition of conviction which would include a verdict of guilty.

Another reference is to an amendment of 18 U.S.C. § 3148, [repealed in 1984] which imposes special limitations on granting bail to a person "who has been convicted of an offense and is either awaiting sentence or sentence review" under 18 U.S.C. § 3576. Thus, at times Congress considered the special offender to have been "convicted" of the crime meriting enhanced punishment even before sentencing for that offense.

In the text of § 3575(e), there is a statement that "a conviction shown on direct or collateral review or at the hearing to be invalid or for which the defendant has been pardoned on the ground of innocence shall be disregarded" for purposes of determining whether the defendant is a special offender. *See also* H.Rep. No. 1549, 91st Cong., 2d Sess., *reprinted in* 1970 U.S. Code Cong. & Adm.News at 4038. It might be argued that as used in this context, conviction refers to the judgment entered on a verdict since otherwise direct or collateral review is not available. That contention, however, does not foreclose the possibility that a verdict or plea of guilty could nevertheless be a "conviction" before the entry of judgment.

The enacted language differs from that originally proposed by the Senate in its Bill S.30. In that draft, the Bill said that "a conviction shown to be invalid ... shall be disregarded." The Senate report accompanying that draft commented that "judgments on which direct appeals are pending" should not be considered. S.Rep. No. 617, 91st Cong. 1st Sess. 164, *reprinted in* 12834–5 Senate Misc. Reports on Public

Bills V. The House modified the Senate Bill by inserting language so that the final draft read, "... a conviction shown on direct or collateral review or at the hearing to be invalid...." The House report deleted the Senate reference to "judgments on which direct appeals are pending," and it was the House version of this section which was enacted by Congress.

The deletion of the comment on "judgments" and the revision of the draft Bill allow some inference that Congress did not mean that all "convictions" must include judgment and sentence, although § 3575(e)(1) clearly demands that at least one must meet those requirements. The text states, "... for one or more of such convictions the defendant has been imprisoned...."

In another section of the statute, a different meaning may attach to "conviction." Section 3578 authorizes the Attorney General to establish a "repository for records of convictions and determinations of the validity of such convictions." The stated purpose of this provision is to aid "the effective operation of the special offender" section through the "availability of unimpeachable records." S.Rep. No. 617, 91st Cong., 2d Sess. 167 *reprinted in* 12834–5 Senate Misc. Reports on Public Bills V. A stronger argument may be advanced that, in this context, conviction means entry of judgment.

We are thus presented with the situation in which neither the language of the statute nor its legislative history directs adopting one or the other of the two generally accepted meanings. Although the legislative history as a whole is inconclusive, it does not negate the district court's interpretation. We look then to the purpose of the statutory provisions.

In *Dickerson v. New Banner Institute,* the Supreme Court traced a similar problem in interpreting the prior conviction provisions of the Federal Gun Control Laws. The Court noted, "... we have no reason whatsoever to suppose that Congress meant [conviction] to apply only to one against whom a formal judgment has been

entered. Congress' intent in enacting sections 922(g) and (h) and section 1202 was to keep firearms out of the hands of presumptively risky people." The Court also referred to "... congressional intent to rule broadly to protect the public ...." 460 U.S. 112 n. 6, 113 n. 7, 103 S.Ct. 991 n. 6, 991 n. 7. In that context, the court did not find a judgment necessary to establish conviction.

In the case at hand, the congressional desire to protect the public from habitual criminals is evident. "The primary purpose of Title X, therefore, is to see to it that convicted felons prone to engage in further crimes are imprisoned long enough to give to society reasonable protection." S.Rep. No. 617, at 164. That purpose would be served better by permitting consideration of guilty verdicts and pleas, and Congress has not indicated otherwise.

Defendant relies on *United States v. Allen*, 566 F.2d 1193 (3d Cir.1977), where we interpreted the enhanced sentencing procedures of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 841(b), as requiring exhaustion of direct appeals. In that case, however, the statute referred to prior convictions which "had become final." Moreover, the legislative history indicated that Congress wanted to change earlier court rulings which had determined that convictions after the conclusion of trial court proceedings were sufficiently final. Those two factors are significantly absent from the statute under review here.

In addition, we note that if a conviction established by a guilty verdict is overturned on appeal, a defendant is free to return to the sentencing court to reassess the enhanced sentence in light of the invalidity of a predicate conviction. *See* Fed.R. Crim.P. 35(a). Thus, the practical result would be the same as if the underlying conviction rested not only on the verdict but entry of judgment and sentence by the trial court. Viewed from this perspective, a defendant is not prejudiced whichever definition of conviction is adopted.

■ We conclude that the district court did not err in holding that it could consider as one of the predicate convictions a verdict of guilty on which sentence had not yet been imposed.

## II.

■ An alternate basis for affirmance is that, before the present eight year sentence was imposed, the guilty verdicts in the 1982 state prosecutions had ripened into state court judgments and sentences. Although that had not been the situation when the ten year sentence had originally been ordered, the circumstances had changed with the passage of time.

Even assuming that the original determination to apply the Dangerous Special Offender Act was inappropriate because of the lack of a judgment in the 1982 state cases, the court was free to consider the situation as it existed at the time of resentencing in November 1984. The governing principle is found in *Wasman v. United States*, — U.S. —, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). In that case, the district court imposed a more severe sentence after a retrial because in the interim, the defendant had been convicted of another crime based on acts which had occurred before the first trial. The Supreme Court held that consideration of the conviction obtained in the interim was "manifestly legitimate" and rebutted any presumption of improper vindictiveness under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

By parity of reasoning, consideration of the entry of judgment in the interim between the original and reduced sentencing hearings in this case was also proper. At the time the sentence under appeal was imposed, defendant had been "convicted" in the state court under either definition of that term.

## III.

Another alternative ground for affirmance is based on the special powers of review conferred on this court by section 3576, which permits us to "impose ... any

sentence which the district court could have originally imposed." The record is ambiguous on whether the district judge considered the two 1963 state judgments as predicate convictions. After determining that counsel had appeared in those cases, the district judge commented that he "probably" could therefore consider them. Nevertheless, there is no direct statement that he did.[3]

Because it is clear that the district court could have relied on those convictions, we will do so. Hence, defendant would be found to have at least three convictions reduced to judgments.[4] If only those offenses, the most recent being the 1973 federal narcotics case, are considered "convictions", however, there would be a gap of seven years between the defendant's release from imprisonment in 1975 for the narcotics conviction and the commission of the federal firearms violation in 1982.

The statute requires an interval of no more than five years between "the commission of the [pending] felony ... and commission of ... another offense punishable by ... imprisonment in excess of one year ...." It is important to note that in this clause the statute refers to "commission" and not "conviction." If we assume, again *arguendo*, that the 1982 state verdicts of guilty were not "convictions" within the statute, the question is whether the 1982 guilty verdicts are adequate to establish the "commission" of another offense within the five year period. We conclude that they do.

The unanimous verdict of the jury is a powerful indication that a given offense has been committed. Even if they are not regarded as "convictions" for some legal purposes, it is common experience that verdicts of guilt by a jury are rarely set aside.

A guilty verdict requires that the jury be convinced by proof beyond a reasonable doubt of the defendant's culpability. By contrast the statute here permits the sentencing judge to make a finding that a defendant is a special offender by a "preponderance of the information." In this context, "commission" is established by a more rigorous standard than the "preponderance of the information" that the sentencing judge must use in his ultimate finding. The use of a guilty verdict to establish the commission of an offense, therefore, is consistent with the statutory provision.

■ We conclude that on this record adequate evidence supports the finding that the 1982 verdicts of guilty established the commission of a qualifying offense within five years of the perpetration of the underlying felony (the violation of the Federal Firearms Act). On this alternative basis as well, the judgment of the district court may be affirmed.

We wish to make it clear that any one of the three bases would support affirmance.

## IV.

■ Defendant also contends that the eight year sentence imposed was disproportionate. We have reviewed the record in this case, as well as the presentence report, and conclude that the defendant's argument has no merit. He has had a lengthy career of infractions of the law, many of them involving physical violence and the use of dangerous weapons. We find no abuse of discretion in the enhanced sentence. *United States v. Davis*, 710 F.2d 104 (3d Cir.1983); *United States v. Felder*, 706 F.2d 135 (3d Cir.1983).

Nor do we find the district court's findings of fact as to representation by legal counsel during the 1963 proceedings to be

---

**3.** The court stated, "... in originally imposing sentence I did not take into consideration two separate assault and battery charges in 1963, or convictions, because Mr. Adams had stated that he was not represented by counsel...." However, observing that at the April remand hearing it was found that defendant had been counseled

in 1963, the court said, "... therefore I could probably, as the Government suggests, take those two [convictions] into consideration."

**4.** The two 1963 state convictions for assault and battery, resisting arrest, and the 1973 federal conviction.

clearly erroneous. Court documents demonstrating the appearance of counsel were introduced in evidence. Defendant offered no testimony to establish that the records were incorrect, incomplete, or did not properly establish the true state of affairs.

Accordingly, finding no error in the defendant's sentence, the judgment of the district court will be affirmed.