811 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest TEMPLETON, Petitioner-Appellant,
v.
Dale FOLTZ, Respondent-Appellee.
 No. 85-1223.
 United States Court of Appeals, Sixth Circuit.
 Dec. 29, 1986.
 
 Before ENGEL, KRUPANSKY and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Ernest Templeton appeals the district court's denial of habeas corpus based upon claims that his Michigan convictions for first degree murder and assault with intent to commit robbery were obtained through a denial of his rights under the United States Constitution.
 
 
 2
 The state had charged that later in the evening of September 3, 1977, Templeton and a co-defendant, one Hampton, had abducted one Karen Gordon and Simpson Webb, who were standing at a bus stop at the intersection of Grand River Avenue and Joy Road in Detroit. While Webb was released when it appeared he was without money, Templeton was charged with having taken Karen Gordon to an abandoned house in Detroit on Belleterre and Chenlot where she was later found suffering from multiple injuries and burns over her body and from which she died at approximately 9:30 the following morning.
 
 
 3
 In his appeal from the district court's denial of habeas relief, Templeton urges, as he did in the district court, that the in-court identification of him was impermissibly suggestive and therefore violative of his rights under the Fifth and Fourteenth Amendments. He further claims that there was insufficient evidence of premeditation to support his conviction of first degree murder, see Jackson v. Virginia, 443 U.S. 307 (1979). Third, he claims that he was denied the effective assistance of counsel guaranteed him under the Sixth Amendment and made applicable to the states through the Fourteenth Amendment. Finally, he asserts that the district court erred when it rejected his claim that the state trial court's instructions to the jury on the element of malice amounted to an impermissible shifting of the burden of proof.
 
 
 4
 From our review of the record as a whole we agree with the district court that none of the foregoing claims has any merit. The corroborative testimony of witness Diane Hutcherson concerning Templeton's activities both before and after the crime fully insured against the possibility that any defects in the identification procedure might lead to a substantial risk of misidentification. Templeton's own statements concerning the reasons for having killed the victim were not only properly received into evidence in satisfaction of the requirement of proof of premeditation but the federal court was correct in its conclusion that the corpus delicti rule is a creature of state law and does not carry with it implications of violation of federal constitutional law. See Burks v. Egeler, 512 F.2d 221 (6th Cir.1975); Gemmel v. Buckhoe, 358 F.2d 338 (6th Cir.1966). We agree with the district court that appellant has failed to demonstrate that his counsel was ineffective in the several particulars claimed on appeal and further conclude that no act or omission of counsel has been shown to have so affected the fairness or reliability of his trial as to warrant habeas relief. Strickland v. Washington, 466 U.S. 668 (1984). Finally, we agree with the district judge that thus far Templeton's objections to the jury instructions on malice have been directed only to alleged violations of Michigan and not federal law and hence did not show him to have raised an exhausted constitutional issue in the district court.
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED.