819 F.2d 1142
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald R. CHAMBERS, Sr., Petitioner/Appellant,
v.
A.R. JAGO, Superintendent, London Correctional Institution,
Respondent/Appellee.
 No. 86-3913.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1987.
 
 Before GUY and BOGGS, Circuit Judges, and WOODS, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner Donald R. Chambers, Sr., appeals the district court's denial of habeas corpus based upon claims that his Ohio convictions for sexual contact and sexual conduct with his two daughters (who were one and three years old at the time) were obtained through a denial of his rights under the United States Constitution. He has exhausted his appellate rights in state court; and for the reasons given below, we affirm.
 
 
 2
 Prior to his conviction petitioner made repeated confessions to his minister, a Children Services caseworker and a police officer, which he recanted before trial, attributing his earlier confessions to the domineering influence of an overzealous minister. Petitioner argues that his confessions were improperly admitted under Ohio's corpus delicti rule, which provides that a confession is not admissible unless the state has offered some evidence tending to establish the substance of the crime, including both the act and the criminal agency of the act. State v. Edwards, 49 Ohio St.2d 31 (1976). He contends that there was a lack of compliance with this rule in the trial court, and that the rule is constitutionally required under federal criminal procedure.
 
 
 3
 The United States Supreme Court has held that in a federal prosecution "a conviction must rest upon firmer ground than the uncorroborated admission or confession of the accused." Wong Sun v. United States, 371 U.S. 471, 488-89 (1963). Petitioner has not cited any case which has held that this rule is constitutionally mandated. Even if it were, the confession was not uncorroborated in this case. There was testimony from which a jury could conclude that the children had been sexually abused. Contrary to petitioner's assertion, it is not necessary that this evidence directly implicate petitioner. Wong Sun at 489-90, fn. 15.
 
 
 4
 If we assume that Ohio law requires prior evidence of sexual abuse before the admission of petitioner's confessions, and that, contrary to the findings of the Ohio courts, that requirement was not met in this case, we then have the question of whether the Ohio law is constitutionally mandated. Petitioner has cited no cases holding that it is so mandated and respondent has cited a case holding that a similar state rule is not. Autry v. Estelle, 706 F.2d 1394 (5th Cir.1983), cert. denied, 465 U.S. 1085 (1984). That case was one in which appellant was convicted of murdering a clerk during an attempted robbery. He argued that, without statements of his to his mother, there was no independent evidence of an attempted robbery, and thus no "corpus delicti." Petitioner argues that the state rule in Autry is different from Ohio's, apparently because there was no question but that the murder was committed.[1] The fact, however, that petitioner in Autry attempted to invoke the rule to negate one element of the crime charged, rather than the commission of a crime, does not state a distinction which makes a difference with regard to whether the rule is constitutionally mandated.[2]
 
 
 5
 Based on the facts of this case and the holding of Autry, as well as the complete absence of contrary authority, this court finds that the district court did not err in denying the habeas corpus petition on this ground.
 
 
 6
 Petitioner also argues that his re-indictment for both additional and more serious charges after he refused to plead guilty and demanded a jury trial raises a presumption of prosecutorial vindictiveness and a violation of his due process rights, citing Bordenkircher v. Hayes, 434 U.S. 357 (1978). Bordenkircher, however, holds that "in the 'give-and-take' of plea bargaining, there is no such element of punishment [for exercising legal rights] or retaliation so long as the accused is free to accept or reject the prosecution's offer." Id. at 363. Petitioner has not made any argument that he was under duress. His argument that there was never any bargaining as he refused to bargain is specious and irrelevant to the policy behind Bordenkircher. Nor is this conclusion undermined by U.S. v. Andrews, 612 F.2d 235 (6th Cir.1979), as plea bargaining was not at issue in Andrews.
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable George E. Woods, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 In fact Edwards, which recently reaffirmed Ohio's corpus delicti rule, although it refused to apply it dogmatically to invalidate a conviction, also involved an alleged lack of evidence with respect to one element of the crime
 
 
 [2]
 Furthermore, another panel in this Circuit has ruled, in similar circumstances, that "the federal court was correct in its conclusion that the corpus delicti rule is a creature of state law and does not carry with it implications of violation of federal constitutional law. See Burks v. Egeler, 512 F.2d 221 (6th Cir.1975); Gemmel v. Buckhoe, 358 F.2d 338 (6th Cir.1966)." Templeton v. Foltz, No. 85-1223 (6th Cir. Dec. 29, 1986). While this case is of limited precedential value, as it is not for publication, see 6th Cir.R. 24, its holding is in accord with Autry